**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| MICHAEL MILA and JULIA MILA, | : :  : |
| Plaintiffs, | : : |
| v. | : CIVIL ACTION NO. : 2:10-CV-0127-RWS |
| WELLS FARGO BANK, | : : |
| Defendant. | : |

## **ORDER**

This case comes before the Court on Defendant Wells Fargo Bank's Motion for Summary Judgment [12] and Plaintiffs Julia and Michael Mila's Motion for Summary Judgment [14]. After a review of the record, the Court enters the following Order.

### **I.   Preliminary Matters**

As an initial matter, Defendant's Statement of Undisputed Material Facts [12-4] is deemed admitted because Plaintiffs have failed to file a response thereto. LR 56.1(B)(2)(a)(2), NDGa ("This Court will deem each of the movant's facts as admitted unless the respondent: (I) directly refutes the movant's fact with concise responses supported by specific citations to

evidence (including page or paragraph number); (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1 B.(1)."). Additionally, because Plaintiffs failed to file a response to Defendant's First Request for Admissions [12-2], all matters within that request are deemed admitted. Fed. R. Civ. P. 36(a)(3).

## II. Background

This case arises out of the foreclosure of Plaintiffs Julia and Michael Mila's home, located at 1487 Dooley Road, Clarkesville, Georgia 30523. Dkt. [12-5] at 2. As Plaintiffs have admitted, the facts are as follows.

In 2007, Plaintiffs executed a security deed in connection with the purchase of their home. Dkt. [12-4] ¶ 1. This security deed granted Defendant the right to conduct a nonjudicial foreclosure in the event Plaintiffs defaulted on their loan repayment. Id. ¶ 6. Plaintiffs subsequently failed to meet all their payment obligations, and they entered into default. Id. ¶¶ 2, 3. At no point did Defendant agree to modify Plaintiffs' loan or to postpone foreclosure. Id. ¶¶ 12-14, 16, 18. After Defendant foreclosed on the property, Plaintiffs filed a

2

Complaint alleging that Defendant misled Plaintiffs while pursuing a foreclosure that was wrongful, illegal, or improper.  Compl., Dkt. [1] ¶¶ 7, 29, 35, 54, 56, 57.

On December 15, 2010, Defendant served its First Request for Admissions to Plaintiffs [12-2], to which Plaintiffs never responded.  On August 25, 2011, Defendant filed a Motion for Summary Judgment [12], relying on Plaintiffs' admissions and accompanied by a Statement of Undisputed Material Facts in Support of Motion for Summary Judgment [12-4].  Plaintiffs did not respond to Defendant's Motion but filed their own Motion for Summary Judgment [14] on August 26, 2011.  The Court considers each Motion below.

### III.   Discussion

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)).  Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257  (1986).

The applicable substantive law identifies which facts are material. Id. at 248.  A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. Id.  An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002).  But, the court is bound only to draw those inferences which are reasonable.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."

Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

Furthermore, the filing of cross-motions for summary judgment does not give rise to any presumption that no genuine issues of material fact exist. Rather, "[c]ross-motions must be considered separately, as each movant bears the burden of establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." Shaw Constructors v. ICF Kaiser Eng'rs, Inc., 395 F.3d 533, 538-39 (5th Cir. 2004).

Finally, even if a motion for summary judgment is unopposed, the movant must nevertheless show it is entitled to judgment on the merits, based on evidentiary materials in the record. See Dunlap v. Transam. Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir. 1988) (district court did not err in treating motion for summary judgment as unopposed where it considered the merits of

the motion). The district court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted," but it must at least review all those submitted in support of the summary judgment motion. United States v. 5800 S.W. 74th Ave., 363 F.3d 1099, 1101 (11th Cir. 2004). A district court's order granting an unopposed motion for summary judgment must indicate that the merits were considered. Id. at 1102.

With these standards as a foundation, the Court turns to address the merits of Defendant's unopposed Motion for Summary Judgment [12] and Plaintiffs' Motion for Summary Judgment [14].

## A.     Defendant's Motion for Summary Judgment [12]

Defendant argues that Plaintiffs' admissions demonstrate there is no genuine dispute of material fact that could show the foreclosure sale of Plaintiffs' property to be wrongful, illegal, or improper. Dkt. [12] at 1. Plaintiffs admit that they were in default, that they executed a security deed granting Defendant the right to foreclose in the event of default, that Defendant had no duty either to postpone the foreclosure or to modify the loan, that Defendant sent the Notice of Foreclosure more than thirty days prior to the foreclosure sale, and that Defendant published the same once a week for four

6

consecutive weeks prior to the foreclosure sale. Dkt. [12-4] ¶¶ 1, 3, 4-6, 13, 14. Plaintiffs further admit that they suffered no damages as a result of Defendant's actions or inactions. Id. ¶ 9.

Once the Defendant-movant has carried its burden of showing the absence of evidence to support Plaintiffs' claims, Plaintiffs have the burden of presenting affirmative evidence that a triable issue of material fact does exist. Liberty Lobby, 477 U.S. at 257. Plaintiffs have presented no evidence in response to Defendant's Motion and, indeed, have not responded at all. In light of Plaintiffs' admissions, the Court finds no genuine dispute of material fact to support any claim that Defendant's foreclosure was wrongful, improper, or illegal. Defendant's Motion for Summary Judgment [12] is therefore **GRANTED**.

## B.  Plaintiffs' Motion for Summary Judgment [14]

As an initial matter, it is unclear to the Court on what claims Plaintiffs seek summary judgment or whether Plaintiffs seek summary judgment as to the entire Complaint.[1] In any event, Plaintiffs have failed to put forward any

---

[1] The conclusion to Plaintiffs' Motion alleges that Defendant violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq. Dkt. [14] at 5. Plaintiffs, however, have failed to identify any evidence in the record to support this claim or to state

evidence showing they are entitled to legal relief on any claim (nor have they filed a statement of material facts as required by Local Rule 56.1, showing the Court which facts, if any, support their claims). This failure, coupled with the admissions on file, demonstrates that Plaintiffs are not entitled to judgment as a matter of law as to any claim arising out of the foreclosure of their property. Thus, Plaintiffs' Motion for Summary Judgment [14] is **DENIED**.

### IV.   Conclusion

Defendant's Motion for Summary Judgment [12] is **GRANTED**. Plaintiffs' Motion for Summary Judgment [14] is **DENIED**. The Clerk is directed to close the case.

**SO ORDERED**, this   2nd   day of February, 2012.

*[signature]*

**RICHARD W. STORY**
United States District Judge

---

which statutory provision was violated. Furthermore, the FDCPA provides a right of action only against "debt collectors," not mortgage originators or servicers. 15 U.S.C. § 1692a(6); see also Hennington v. Greenpoint Mortg. Funding, Inc., Nos. 1:09-CV-00676-RWS, 1:09-CV-00962-RWS, 2009 WL 1372961, *6 (N.D. Ga. May 15, 2009) (holding that defendants "were not debt collectors because they were attempting to collect their own debt"). Thus, Plaintiffs' FDCPA claim must fail as a matter of law.

8

AO 72A
(Rev.8/82)